**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | |
| **ROCKDALE GROCERY, INC. d/b/a PIGGLY WIGGLY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Cynthia Thompson ("Thompson") and Megan Baker ("Baker") (collectively "Claimants"), who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") alleges that Rockdale Grocery, Incorporated d/b/a Piggly Wiggly ("Piggly Wiggly" or "Defendant") subjected Claimants to sexual harassment which created a hostile work environment based on their sex (female), and terminated Claimants' employment after they opposed the harassment in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Rockdale Grocery, Incorporated d/b/a Piggly Wiggly, has continuously been doing business in the State of Georgia. Defendant's principal place of business is located in Conyers, Rockdale County, Georgia. Claimants were employed at the Piggly Wiggly store located in Hogansville, Troup County, Georgia. At all relevant times, Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Claimants filed charges of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On April 30, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On June 12, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation in each Claimant's charge advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

A. Cynthia Thompson

10. Since on or about December 2016, Defendant has engaged in unlawful employment practices at its Conyers, Georgia store in violation of 703(a) of Title VII, 42 U.S.C. § 2000(e)-2(a). Specifically, Defendant subjected Thompson to sexual harassment that created a sexually hostile work environment because of her sex (female), and retaliated against Thompson after she complained to management.

11. On or about December 10, 2016, Defendant hired Thompson to work as Produce Manager.

12. From the beginning of her employment, the store manager made inappropriate comments concerning her sex life to Thompson, including but not limited to comments about having sex with multiple men and the size of male genitalia. The store manager made similar comments to Thompson almost daily.

13. Throughout her employment, Thompson was sexually harassed by a male co-worker. For example, a few days before Christmas, the male co-worker made a comment that he "liked long, wet hair on his naked body." Notably, Thompson has long hair.

14. Thompson complained to the store manager and asked to file a written complaint. The store manager laughed at her complaint and failed to take remedial action.

15. On a separate occasion, when Thompson was in the produce department, the same male co-worker approached her from behind, pressed his penis against Thompson's rear, and gyrated against her body. Thompson was humiliated and fearful.

16. Immediately thereafter, Thompson reported what happened to the store manager, but she failed to take any action.

17. The following day, Thompson told the store manager that she could not tolerate any further harassment and demanded to be allowed to write a statement. Initially, the store manager told Thompson that she could not accept a written complaint, because all written reports had to be made to the Director of Operations. The store manager told Thompson that the Director of Operations would come to the store and conduct an investigation about her harassment complaint. However, an investigation was not conducted during Thompson's employment.

18. After Thompson's multiple requests, the store manager allowed Thompson to submit a written statement. On or about January 22, 2017, Thompson wrote a written complaint outlining the male co-worker's inappropriate sexual conduct toward her and Claimant Baker. The store manager admitted to having knowledge that the male co-worker had harassed numerous female employees.

19. The store manager stated that there were no complaints about Thompson's work performance.

20. Nonetheless, two days after Thompson's meeting with the store manager where she reported harassment, Defendant terminated her employment.

21. At all times, Thompson was offended by the male co-worker's sexual conduct.

22. At all times, Thompson objected to the male co-worker's sexual conduct.

23. Defendant is liable for the practices complained of above because the conduct was committed by an employee under the employer's supervision with the employer's direct knowledge.

24. The effect of the practices complained of above has been to deprive Thompson of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (female).

25. Defendant subjected Thompson to retaliation because she opposed harassment based on her sex and a sexually hostile work environment in violation of Title VII.

26. The unlawful employment practices complained of above were intentional.

27. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Thompson.

B. Megan Baker

28. Since on or about December 2016, Defendant has engaged in unlawful employment practices at its Conyers, Georgia store, in violation of 703(a) of Title VII, 42 U.S.C. § 2000(e)-2(a). Specifically, Defendant subjected Baker to sexual harassment that created a sexually hostile work environment because of her sex (female), and retaliated against Baker after she complained to management.

29. In mid-December 2016, Defendant hired Baker as a stocking clerk.

30. From the beginning of her employment, the store manager made inappropriate comments concerning her sex life to Baker, including but not limited to comments about having sex with multiple men and the size of male genitalia. The store manager made these types of comments to Baker almost daily.

31. Throughout her employment, Thompson was sexually harassed by a male co-worker. For example, the male co-worker would leer at Baker and make groaning noises in a sexual manner. Baker was uncomfortable and immediately reported his behavior to the store manager. The store manager said she would address the male co-worker's behavior, but she never did.

32. On or about January 8, 2017, the male co-worker approached Baker and told her that if she went home with him and did whatever he wanted (sexually), he would support her financially. Baker reported this incident to the store manager who claimed she would get rid of the co-worker because he made similar comments to

other women.  However, nothing was done to address her complaints and the male co-worker was neither disciplined nor fired.

33. On or about January 9, 2017, Baker told the store manager that she wanted to quit because the store manager failed to address her complaint.  The same night, the store manager called Baker and asked her to return to work assuring Baker that she would address the harassment.

34. Baker returned to work expecting the male co-worker to be disciplined or removed.  However, nothing was done.

35. Baker asked the store manager if she could file a written complaint.  The store manager responded that she could not accept a written report and that all reports had to be made to the Director of Operations.  The store manager told Baker that the Director of Operations would come to the store and conduct an investigation about her harassment complaint.  However, an investigation was not conducted during Baker's employment.

36. On or about January 12, 2017, shortly after Baker reported the harassment, Baker's schedule was changed.  Defendant reduced her working days from four days per week to *only* one or two days per week.

37. There were no complaints about Baker's work performance.  Nonetheless, shortly after Baker complained about harassment to the store manager, Defendant terminated her employment.

38. At all times, Baker was offended by the male co-worker's sexual conduct.

39. At all times, Baker objected to the male co-worker's sexual conduct.

40. Defendant is liable for the practices complained of above because the conduct was committed by an employee under the employer's supervision with the employer's direct knowledge.

41. The effect of the practices complained of above has been to deprive Baker of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (female).

42. Defendant subjected Baker to retaliation because she opposed harassment based on her sex and a sexually hostile work environment in violation of Title VII.

43. The unlawful employment practices complained of above were intentional.

44. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Baker.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with

it, from: (a) creating or maintaining a sexually hostile work environment; (b) failing to take remedial action in response to employee complaints of sexual harassment; and (c) engaging in any other employment practices which discriminate on the basis of sex.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Thompson and Baker whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.     Order Defendant to make Thompson and Baker whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendant to make Thompson and Baker whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Thompson and Baker punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

s/ Pamela E. Palmer
Trial Attorney
Georgia Bar No. 882599
pamela.palmer@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30

Atlanta, GA 30303
(404) 562-6973 (direct dial)
(404) 562-6905 (facsimile)